Margaret Tice served as a babysitter for her son's children during the days while her son and daughter-in-law worked. For this, she was paid between $100 and $150 each month. On February 18, 1976, while carrying groceries into the house with her grandson, Aaron, she slipped and fell in the front yard. Mrs. Tice filed suit against her son *Page 1052 
and his wife, Cabell and Debra Tice, alleging that her injury resulted from their negligence in permitting the premises to exist in an unreasonable and dangerous condition. The defendants, by answer, denied liability and asserted contributory negligence on Mrs. Tice's part. They also filed a motion for summary judgment maintaining that Mrs. Tice had failed to produce sufficient evidence to create a jury question as to negligence on the part of the defendants.
The only evidence before the trial court on motion for summary judgment was the depositions of Margaret, Cabell and Aaron Tice, and an affidavit of Margaret Tice. There were no eyewitnesses to the fall. The evidence showed that Mrs. Tice was walking up an incline on a sidewalk leading to the front of her son's home when she either stepped onto the grass where she slipped and fell or slipped from the sidewalk onto the grass where she fell. There was also evidence that toys were generally present throughout the yard, that there were several small holes in the ground, and that the ground was covered with a layer of leaves. Mrs. Tice could not state the cause of her fall, only that she believed it must have been caused by stepping on one of the toys. Based upon this evidence, the court granted summary judgment in favor of defendants. Mrs. Tice filed a motion to vacate the summary judgment which was denied. She then appealed from the summary judgment. We affirm.
The plaintiff claims the status of a business invitee on her son's property. Assuming that she is an invitee, the duty owed to her by the defendants is the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition. Winn-Dixie v. Godwin, 349 So.2d 37 (Ala. 1977);May-Bilt, Inc. v. Deese, 281 Ala. 579, 206 So.2d 590 (1967). The owner of a premises in such cases is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.Delchamps, Inc. v. Stewart, 47 Ala. App. 406, 255 So.2d 586
(1971); cert. denied 287 Ala. 729, 255 So.2d 592 (1971); GreatAtlantic and Pacific Tea Co. v. Bennett, 267 Ala. 538,103 So.2d 177 (1958). Furthermore, the owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of or should be aware of in the exercise of reasonable care. Hand v. Butts, 289 Ala. 653,270 So.2d 789 (1972); Crawford Johnson Co. v. Duffner,279 Ala. 678, 189 So.2d 474 (1966). In the instant case, the plaintiff must prove, in order to recover, that her fall resulted from a defect or instrumentality located on the premises as a result of the defendants' negligence and of which the defendants had or should have had notice at the time of the accident. See, Wynn, Slip and Fall Cases in Alabama, 27 Ala. Law. 419 (1966), and authorities cited therein. The plaintiff has not presented any evidence tending to show that the defendants breached any duty owed to her. She asserts only that her fall may have been caused by toys, leaves or holes in the yard. It is her opinion that she tripped on a child's toy, many of which were frequently in the yard.
She contends that this establishes a question of fact for the jury under Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 309 So.2d 818 (1975). In that case, the plaintiff tripped and fell in defendant's department store while walking in an aisle between two tables holding merchandise. No instrumentality or defect was discovered which could have caused her fall other than a table leg which protruded beyond the top of the table. By affidavit, the plaintiff asserted that this could have been the only cause of her fall. Under these facts, we held that summary judgment was improper. Folmar, supra, is distinguishable from the case at hand, however.
In that case, the plaintiff produced evidence from which a jury could find that Montgomery Fair breached a duty owed to the plaintiff by obstructing aisles intended for walkways by customers. The plaintiff here has not done that. She shows only that there were things in the yard over which she might have tripped. All of these *Page 1053 
are things which are normally in yards of persons with small children; and the plaintiff's knowledge of them was equal or superior to that of the defendants. The plaintiff has simply failed to produce any evidence from which a jury could conclude that the defendants have breached any duty owed to her. There was, therefore, no error in granting summary judgment in defendants' favor.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.