JONES, Justice.
Zela Mae Sledge and her husband, George D. Sledge, the Plaintiffs/Appellants in this case, appeal from a directed verdict and judgment thereon in favor of Dr. and Mrs. Carmichael, the Defendants/Appellees. This case arose when Zela Mae Sledge fell from the back porch of the Carmichael home.
On Christmas Eve of 1976, Mrs. Sledge went to the Carmichaels’ home to work as a domestic employee at a party being given by the Carmichaels. Mrs. Sledge arrived between 6 and 7 p. m. It was dark and she entered the Carmichael’s home through the back door. To get to the door, Mrs. Sledge had to walk up four steps and across a back porch leading to the door. Mrs. Sledge testified that the back porch light was on at this time, but dim. The back porch and the steps leading up to the porch are made of brick.
After working for approximately four hours, Mrs. Sledge started to leave the Car-michaels’ home through the back door through which she entered. The light was still on, according to Mrs. Sledge’s testimony, but, after crossing the porch, she missed the steps entirely, causing her to fall approximately two feet and resulting in injury to her leg.
There is no evidence that the steps or back porch are defective in any way. Plaintiffs’ Exhibit 1, a photograph of the back porch and steps leading up to the porch, shows a well-constructed brick porch with four brick steps leading to the porch. The light fixture is typical of those used for lighting of porches and steps leading to a porch. Mrs. Sledge admits that the light was on when she left the home and that the lighting conditions were essentially the same on her departure as when she had arrived earlier in the evening.
In the recent case of Tice v. Tice, 361 So.2d 1051 (Ala.1978), this Court reiterated the standard of care owed to an invitee. In Tice, summary judgment was granted in favor of the defendant in a lawsuit brought by the defendant’s mother, who was employed by the defendant as a babysitter. The only evidence in that case was that the plaintiff had fallen in the defendant’s yard and that toys had been left in the yard on various occasions. Although the plaintiff thought she must have tripped over a toy, she could not say for certain that this was the cause of her fall. On the facts in Tice, we affirmed the granting of summary judgment.
In the present case, the Plaintiffs present no more evidence of negligence on the part of the Carmichaels than that presented by the plaintiff in Tice. On the authority of Tice, this case is due to be and is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.