This appeal is from a summary judgment granted in favor of Peoples Savings Life Insurance Company of Tuscaloosa (Peoples Insurance) in a negligence action filed by Bertha Bates and her husband. We reverse and remand.
Bertha Bates sustained injuries when she fell on a stairway in a building owned by Peoples Insurance. The building contains several small businesses, including the Oak City Beauty Shop, located on the street level, and Druid City Cab Service, located on the second floor. In deposition, Mrs. *Page 485 
Bates testified that she arrived at the Oak City Beauty Shop shortly before 7:00 a.m. on Saturday, March 19, 1983, so that she could be the first customer of Julia Prewitt, the owner/operator of Oak City Beauty Shop. According to Mrs. Bates, Julia Prewitt served customers on a first-come, first-served basis on Saturdays. Mrs. Bates testified that she arrived at the beauty shop before Mrs. Prewitt. She waited for a few minutes and then walked upstairs to the Druid City Cab Service to telephone Mrs. Prewitt. After talking to Mrs. Prewitt, Mrs. Bates began to descend the stairs leading from Druid City Cab Service and fell, sustaining the injuries for which she seeks to recover.
A landlord owes the same degree of care to individuals injured in common areas over which the landlord exercises control as ordinary landowners. Coggin v. Starke Bros. RealtyCo., 391 So.2d 111 (Ala. 1980). In the case at hand, it is clear that Mrs. Bates was a business invitee of Oak City Beauty Shop. Peoples Insurance argues, however, that Mrs. Bates had no legitimate business purpose in going to Druid City Cab Service to use the telephone and, therefore, was a mere licensee in the part of the building where she sustained her injuries. We disagree. Mrs. Bates walked upstairs to Druid City Cab Service, a portion of the building open to the public, in order to facilitate a business transaction with Oak City Beauty Shop, one of Peoples Insurance's tenants. Although Druid City Cab Service arguably was not benefited by Mrs. Bates's use of its telephone,[1] it is undisputed that she was on the premises at the express or implied invitation of the owner or occupier for a material or commercial benefit to an occupier. Osborn v.Brown, 361 So.2d 82 (Ala. 1978). Under these circumstances, we hold that Mrs. Bates was a business invitee of Peoples Insurance. Thus, Peoples Insurance owed her the duty of exercising ordinary or reasonable care to keep the premises in a reasonably safe condition. Winn-Dixie v. Godwin, 349 So.2d 37
(Ala. 1977); May-Bilt, Inc. v. Deese, 281 Ala. 579,206 So.2d 590 (1967).
The trial court entered summary judgment on the authority ofTice v. Tice, 361 So.2d 1051 (Ala. 1978), and Sledge v.Carmichael, 366 So.2d 1117 (Ala. 1979). Neither case supports summary judgment in this action.
In Tice v. Tice, supra, the plaintiff, Mrs. Tice, served as a babysitter for her son's children while her son and daughter-in-law worked. She was walking on a sidewalk leading to her son's house when she slipped and fell. She was unable to state what caused her fall, but surmised that the fall was caused by one of several toys strewn about the yard. We affirmed a summary judgment for the defendants and held that Mrs. Tice had failed to produce any evidence from which a jury could conclude that the defendants had breached a duty owed to her. Similarly, in Sledge v. Carmichael, supra, we held that the trial court properly directed a verdict in favor of the defendant, where the plaintiff admitted that her fall occurred because she completely missed a set of steps leading from a porch.
In Folmar v. Montgomery Fair Company, 293 Ala. 686,309 So.2d 818 (1975), on the other hand, we reversed a summary judgment which had been entered in favor of the defendant, where the plaintiff was able to show that the only instrumentality which could have caused her fall in the defendant department store was a table leg which protruded into the aisle in which she was walking. The plaintiff, therefore, produced evidence concerning the cause of her fall from which the jury could conclude that the defendant breached a duty owed to her.
Here, Mrs. Bates is specific as to the cause of her fall. She testified upon deposition that she fell because the heel of her boot became caught in carpet covering the stairway, which she described as worn, loose, shaggy, bumpy, and in need of repairs. We hold that Mrs. Bates has produced *Page 486 
evidence from which a jury could reasonably conclude that Peoples Insurance breached a duty owed to her.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER and JONES, JJ., concur.
[1] After her fall, Mrs. Bates retained the services of Druid City Cab Service to take her home.