Plaintiff Emma Bell Edwards appeals from a judgment entered on a directed verdict entered in favor of the defendant, Warren L. Hammond, as guardian ad litem for Edith P. Whigham. We affirm.
Emma Bell Edwards sustained injuries to her hand when she slipped and fell on a small rug placed on a hardwood floor in the home of Edith Whigham. It was stipulated by the parties at trial that, at the time of the accident, Edwards was a business invitee on the Whigham premises, due to her employment as a "sitter" for Ms. Whigham.
Ms. Whigham, the victim of a stroke, was unconscious on all three occasions when Edwards was hired to sit with her. It appears from the evidence that Edwards was employed on these occasions to substitute for Georgia Lambert, a domestic worker in the Whigham home, when Lambert was not available to sit with Ms. Whigham. In fact, Lambert was responsible for hiring Edwards to work on the day of the accident and on the two previous occasions. Edwards was paid by Ms. Whigham's daughter.
On September 8, 1984, Edwards came to sit with Ms. Whigham while the family and Lambert attended a wedding. Edwards was told that the bride and groom would be coming to the house that evening and that she should admit them through the front door. When she heard the front doorbell ring, Edwards proceeded into the front entrance hall to answer the door. She stepped on the rug in the hall, and the rug slipped from under her, and caused her to slide into a number of chairs and tables stacked in a corner. The chairs and tables fell onto Edwards's hand.
Edwards testified that her work had confined her to the back portion of the Whigham house, so that prior to the accident she had not seen the rug in the front entrance hall. According to Edwards, the rug was placed in a vertical position, running into the entrance hall. She testified that the Whigham residence was "well kept" and that there was no trash, debris, or water in the area of the accident, but, that in her opinion, rugs placed on hardwood floors without rubber backing are prone to slip.
Lambert testified that since she started to work for Ms. Whigham in 1981, she had neither seen nor heard of anyone slipping on the rug in question, or on any of the numerous identical rugs located throughout the house. She testified that she walks on the rugs daily and has never had one slip out from under her. Lambert also testified that when she first came to work for Ms. Whigham, the rug in question was placed in a horizontal position, and that the rug had remained in that position throughout her employment. She further added that she had never had the authority to move the rug or to change its position without permission from Ms. Whigham, and that the rug was in a horizontal position when she left the house for the wedding.
It is clear from the facts of this case that Edwards was a business invitee on Ms. Whigham's premises. Ms. Whigham derived a material benefit in having Edwards *Page 236 
sit with her while she was recovering from her stroke. SeeBates v. Peoples Savings Life Insurance Co. of Tuscaloosa,Inc., 475 So.2d 484 (Ala. 1985).
The occupant of premises has a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition; or, if his premises are in a dangerous condition, to give sufficient warning, so that, by the use of ordinary care, his invitees may avoid the danger. Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937).
Accordingly, an invitor is not liable for injuries to an invitee that are caused by a danger known to the invitee or by one that should have been observed by the invitee in the exercise of reasonable care. Quillen v. Quillen, 388 So.2d 985
(Ala. 1980). "The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries." Id. at 989.
The plaintiff contends that the fact that the rug was placed on a hardwood floor without rubber backing is sufficient to show that Ms. Whigham did not use reasonable care in keeping her premises safe. We disagree. In Quillen v. Quillen, supra, at 989, the Court announced the rule applicable to these facts as follows:
 " 'This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, express or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron R.R. Co., 143 Ala. 299, 39 So. 301.
 " 'This rule . . . includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation. [Quoting Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 63, 173 So. 388, 391
(1937).]
 "Therefore, as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the court in Lamson and Sessions Bolt Co., supra, at 284 Ala. 63, 173 So. 391:
 " 'In 45 C.J. § 244, P. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of reasonable care. The invitee assumes all normal and ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' "
Similarly, in Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978), a case brought by a baby-sitter who fell on the employer/landowner's premises, the Court held:
 "Assuming that she is an invitee, the duty owed to her by the defendants is the exercise of ordinary and reasonable care to keep the premises in a reasonably safe condition. The owner of a premises in such cases is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee. . . . In the instant case, the plaintiff must prove, in order to recover, that her fall resulted from a defect or instrumentality located on the premises as a result of the defendants' *Page 237 
negligence and of which the defendants had or should have had notice at the time of the accident." (Emphasis added.)
Because there is a complete absence of evidence tending to establish a breach of any duty owed the plaintiff by the defendant, the directed verdict was proper. Rule 50(e), A.R.Civ.P.
AFFIRMED.
JONES, ALMON, ADAMS and STEAGALL, JJ., concur.