SHORES, Justice.
Wimberly brought an action against K-Mart, Inc., charging it with negligence in the maintenance of its Florence, Alabama, store, which negligence he says proximately caused him to slip and fall, resulting in his alleged injuries.
K-Mart filed an answer and subsequently took the deposition of the plaintiff, Wim-berly, and of Mrs. Grace Landers, who witnessed the plaintiff’s fall. It then filed a motion for summary judgment, and offered, in support of the motion, the depositions of the plaintiff and Mrs. Landers, as well as affidavits of five K-Mart employees. The plaintiff offered, in opposition to K-Mart’s motion for summary judgment, an affidavit by Tommy Hallman, who was shopping with the plaintiff at the time of his fall. The trial court granted summary judgment in favor of K-Mart. Wimberly appeals. We reverse.
All of the witnesses agreed that the plaintiff slipped and fell on a clear liquid puddle on the floor that resembled detergent, oil, or bubble liquid that is used by children to blow bubbles. It was not estab *261 lished what the source of the liquid was. Some speculated that it might have been suntan oil.
The burden is on the plaintiff to prove that a storekeeper has breached its duty where foreign substances are alleged to have caused injury. It has long been the rule:
“[T]o prove negligence on the part of the defendant it is necessary to prove that the foreign substance was on the floor a sufficient length of time to impute constructive notice to the defendant, or that he had actual notice, or that he was delinquent in not discovering and removing it. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors.”
S.H. Kress & Co. v. Thompson, 267 Ala. 566, 569, 103 So.2d 171 (1957).
The only issue before us is whether the evidence offered in support of, and that offered in opposition to, the motion for summary judgment created a material issue of fact as to whether the foreign substance upon which the plaintiff slipped had been on the floor for a period of time sufficient to permit a jury to conclude that the storekeeper either knew it was there or should have known that it was.
The burden to negate the existence of any material fact, and to show that he is entitled to a judgment as a matter of law, is on the party moving for summary judgment. Until the movant carries that burden, the party opposing the motion need not supply any evidence in order to defeat the motion. Assuming that the evidence offered in support of the motion for summary judgment, taken alone, would have negated any issue of material fact with regard to the length of time the substance had been on the floor (a proposition with which we do not necessarily agree), the affidavit of Tommy Hallman, offered in opposition to the motion, creates an issue of fact with regard to that issue. He states that the “substance had a little bit of dirt and grime in it. I further noticed that Mr. Wimberly had on the back of his shirt and pants some kind of oil.”
A party is not required to prove his entire case to defeat a motion for summary judgment. He is only required to demonstrate that a factual dispute exists that requires resolution by the jury. Here, there was evidence from which the jury could conclude that the substance that caused the plaintiff to fall had been on the floor long enough to collect dirt and grime, and, thus, that K-Mart should have known of its presence. This is all that is necessary to defeat summary judgment. We have frequently observed that summary judgment is seldom appropriate in negligence cases. Searight v. Cummings Trucking Co., 439 So.2d 81 (Ala.1983); Hilburn v. Shirley, 437 So.2d 1252 (Ala.1983); Allen v. Mobile Infirmary, 413 So.2d 1051 (Ala.1982).
Accordingly, the judgment of the trial court is reversed and the case is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.