This is an appeal from a summary judgment entered in favor of the defendant Allied Products Company. The plaintiff, Horace Massey, was injured in a slip and fall accident upon the defendant's premises; he sued on his personal injury.
The facts of the case are as follows: On February 20, 1984, Mr. Massey entered the premises of Allied Products to purchase a load of rock from Allied's quarry. It was raining. He parked his truck 75-100 feet from the business office and walked toward the office. Neither the road leading to the office nor the area around the office was paved, but both were covered with finely crushed rock. On his way to the office, Mr. Massey slipped and fell, sustaining a broken hip. He could not state the cause of his fall, only that he believed that it must have been caused by the rain upon an accumulation of motor oil on the gravel.
Mr. Massey was clearly a business invitee upon the premises at the time of his accident, and as such was owed a duty by the defendant to exercise reasonable care to keep the premises in a reasonably safe condition. It should be noted, however, that
 "the owner of the premises in such cases is not the insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to the invitee."
Shaw v. City of Lipscomb, 380 So.2d 812, 814 (Ala. 1980).
The plaintiff must be able to present evidence that his fall was caused by a defect or instrumentality located on the premises as a result of the defendant's negligence, and of which the defendant had or should have had notice at the time of the accident. Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Mr. Massey has failed to do this. He has been unable to produce any evidence tending to show that the defendant breached any duty owed to him. Consequently, the trial court properly granted the defendant's motion for summary judgment.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.