PER CURIAM.
This is an action for the wrongful death of five-year-old David Lee Hixon, whose body was found in the swimming pool at the Village West Trailer Park in Montgomery, Alabama. From a judgment entered on a jury verdict for $750,000.00 in favor of the plaintiffs, the defendant appeals.
David Lee Hixon lived at Village West Trailer Park with his parents. Village West Trailer Park and the pool are owned by the appellant/defendant Alabama Farm Bureau Mutual Casualty Insurance Company. On the afternoon of David Lee Hixon’s death, his mother had stopped by the trail *519 er park office, which is adjacent to the pool, and signed a document indicating that she had read the “Pool Rules” promulgated by the trailer park management. Debbie Hixon then went to her mobile home to prepare sandwiches for David Lee and her two younger children. The couple who lived next door were preparing to take their children to the swimming pool at the trailer park. David Lee went to the pool with the neighbors while Debbie got the two younger children ready.
Debbie and the two younger children joined David Lee and the neighbors at the pool. After swimming about 45 minutes, the neighbors were ready to leave. As they were leaving, David Lee tried to go with them, but the neighbor returned David Lee to his mother. After the neighbors left, Debbie Hixon opened the gate and allowed David Lee to leave the pool area to walk home. She watched David Lee walk back to their trailer. She then got her two younger children ready and walked back to her trailer. After putting the younger children in the trailer, Debbie went next door to fetch David Lee, but he wasn’t there.
Debbie began searching for David Lee, stopping at neighbors’ trailers, and asking children if they had seen David Lee. Then she returned to the pool area. She did not see her son, but asked some ladies at the pool if they had seen a little boy. Eugene Thomas overheard Debbie, and thought that something he brushed in the pool 15 to 20 minutes earlier might have been a child. Eugene dived into the pool and found David Lee, and pulled his body from the water. Efforts to resuscitate David Lee failed; no autopsy was performed. His parents filed this action.
It is undisputed that there was no lifeguard on duty at the time David Lee’s body was found. The pool is surrounded by a fence that is seven feet high and has barbed wire around the top. Cement and wire at the bottom of the fence prevent anyone from crawling under it. Consequently, the only access to the pool is through one gate. This gate is six feet tall and has barbed wire above it. There are four spring loaded hinges on the gate, and the latch is 65 to 70 inches above the ground. The gate closes automatically and has a self-closing latch. The incident occurred at approximately 6:00 p.m., and no one was in the trailer park office after 4:30 p.m.
The plaintiffs advanced two theories as a basis for recovery. First, they alleged that the defendant voluntarily assumed the duty to supervise the pool area, and that the defendant breached this duty by improper and inadequate supervision of the pool. Second, they asserted that the defendant, by allowing the water in the pool at the time of David Lee Hixon’s death to become so dirty that his body could not be seen on the bottom of the pool by people in the area, breached an alleged duty to maintain the pool.
The duty owed by the defendant to the plaintiffs is governed by the status of the injured party at the time of the injury. It is clear that there was a landlord-tenant relationship between the defendant and the plaintiffs. Additionally, the pool area is an area of common use over which the defendant retained control. Therefore, David Lee Hixon was an invitee of the defendant at the swimming pool. Hancock v. Alabama Home Mortgage Co., 393 So.2d 969 (Ala.1981).
In Coggin v. Starke Bros. Realty Co., 391 So.2d 111 (Ala.1980), we stated the duty owed by the lessor to a lessee under these circumstances as follows, quoting Restatement (Second) of Torts § 360 (1965), adopted by this Court in an earlier case:
“Parts of Land Retained in Lessor’s Control Which Lessee is Entitled to Use.
“A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sub-lessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor’s control, if the lessor by the exercise of reasonable care could have discovered the con *520 dition and the unreasonable risk involved therein and could have made the condition safe.”
391 So.2d at 112-13.
Therefore, the defendant was under a duty to make safe a condition that presented an unreasonable risk and could have been discovered by the exercise of reasonable care.
In the instant case, the plaintiffs assert that the condition of the pool water presented an unreasonable risk that the defendant could have discovered by exercising reasonable care, that the defendant was under a duty to make safe the condition, and that the failure to do so caused the death of David Lee Hixon. We disagree.
Assuming that the water was cloudy, and that people in the pool area could not see David Lee’s body on the bottom of the pool because of the cloudy condition, this fact alone does not establish that the condition presented an unreasonable risk. There is no presumption of negligence that arises from the mere fact of an injury to an invitee. Edwards v. Hammond, 510 So.2d 234 (Ala.1987). It does not logically follow that the condition of the pool water presented an unreasonable risk, when David Lee had been swimming in the same pool only a short time earlier under the supervision and with the approval of his mother. Because the condition did not present an unreasonable risk, the defendant was not under a duty to make the condition safe. Consequently, under this theory the defendant did not owe a duty to the plaintiffs, and the defendant is not liable for the child’s death.
Also, if the jury considered the condition of the pool water to present an unreasonable risk, then the defendant, as a matter of law, is not liable for the injury, because the injury resulted from a condition that was obvious and should have been observed in the exercise of reasonable care. Edwards, supra. Therefore, the alleged condition of the pool water alone is not a legally sufficient basis for finding the defendant liable for the child’s death.
The plaintiffs’ other contention, that there was improper and inadequate supervision, is simply not supported by the evidence. As previously described, the pool is surrounded by a fence that is seven feet high and has barbed wire around the top. Cement and wire at the bottom of the fence prevent anyone from crawling under it. The only access gate is six feet tall and has barbed wire above it. There are four spring loaded hinges on the gate, and the latch is 65 to 70 inches above the ground. Further, the gate closes automatically and has a self-closing latch. Also, there was a sign at the pool that read: “No lifeguard. Swim at your own risk.” Debbie Hixon testified that she had read the sign and was aware of the pool rules because she had signed a copy of them on the same day the incident occurred. These rules required that children under twelve years old be accompanied by a parent.
The plaintiffs concede that the defendant was under no duty to supervise the activities at the pool, but insist that once the defendant voluntarily assumed the duty of supervising activities in the pool area then it had a duty to exercise due care. There is no absolute duty to provide a lifeguard or other supervision at a swimming pool. The lack of a lifeguard is a condition that could have been discovered by reasonable and customary inspection, and no liability will be imposed on the defendant for failing to provide a lifeguard. Alabama Power Co. v. Dunaway, 502 So. 2d 726 (Ala.1987). In support of their contention that the defendant assumed the duty of supervising the pool area, the plaintiffs rely on the testimony of the defendant’s employees wherein they testified that they “enforced the pool rules.” When this testimony is viewed as a whole, it is clear that the employees’ limited enforcement consisted of preventing trespassers and children from entering the pool area if they saw them from the trailer park office. There simply is no evidence that the defendant’s employees entered the pool area in an effort to supervise and police the area in the manner in which a lifeguard would patrol the area. Occasionally warding off trespassers and children is not the equiva *521 lent of voluntarily assuming control and supervision of the pool area. Because there is insufficient evidence to support a finding that the defendant voluntarily assumed the duty to supervise the pool area, this theory will not serve as a basis for finding the defendant liable for the child’s death.
Based on the foregoing, we hold that there is no basis for imposing liability on the defendant for the child’s death under either of the plaintiffs’ two theories of negligence. It was reversible error for the trial court to overrule the defendant’s motion for directed verdict and to deny the defendant’s motion for JNOV. Therefore, the judgment of the trial court is reversed and the cause remanded with directions for the trial court to enter a judgment in favor of the defendant. Consequently, it is not necessary to address other alleged errors.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
ALMON, J., recused.
BEATTY, J., not sitting.