STEAGALL, Justice.
Sarah and John Beaman appeal from a summary judgment entered in favor of Wiregrass Rehabilitation Center (“Wire-grass Rehabilitation”). The Beamans had sued Wiregrass Rehabilitation, alleging negligence, willful and wanton conduct, and breach of a duty of care following Sarah’s slip and fall accident that occurred while she was on the premises of Wire-grass Rehabilitation as a business invitee. John Beaman’s claim was a derivative one for loss of consortium.
On appeal, they allege that an issue of material fact exists as to whether Wire-grass Rehabilitation was negligent and breached a duty to make its premises safe for its business invitees. We disagree. “The plaintiff must be able to present evidence that his fall was caused by a defect or instrumentality located on the premises as a result of the defendant’s negligence, and of which the defendant had or should have had notice at the time of the accident.” Massey v. Allied Products Co., 523 So.2d 397, 398 (Ala.1988) (citation omitted). Wiregrass Rehabilitation supported its summary judgment motion with a prima facie showing that there had been no breach of duty. The Beamans did not present any evidence in opposition to show that Wiregrass Rehabilitation had breached any duty owed to them.
On the authority of Massey v. Allied Products Co., supra, and Tice v. Tice, 361 So.2d 1051 (Ala.1978), the trial court’s judg- *1336 merit is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.