MADDOX, Justice.
Felix Jerome Langley sued Bob’s Chevron (“Bob’s”), alleging that Bob’s had been negligent in the maintenance of a gas pump, and that its negligence had caused him injury. Langley’s wife Cynthia sued for loss of consortium. The trial court granted the defendant’s motion for summary judgment, and this appeal ensued.
On July 13, 1987, Langley stopped at Bob’s Chevron to purchase gas. He was on assignment from his employer and was accompanied by a co-employee, Aaron Dalton. Upon arriving at Bob’s, Langley stopped next to the self-service island and exited his truck. He removed the gas nozzle and turned on the pump. According to Langley, when he turned on the pump gas spewed out of the nozzle and onto the ground. Approximately “40 cents” worth of gas was spilled before Langley released the automatic flow device, which had apparently been engaged by a previous customer. At this point, Langley yelled to an employee of Bob’s that there was gas spilled on the ground. The employee was helping another customer in the service area and did not respond to Langley’s yell. Langley then proceeded to put $10.00 worth of gasoline into his truck’s gas tank. Langley tried to avoid stepping in the spilled gas, but upon attempting to reenter his vehicle he slipped, and as he was falling, he tried to catch himself on the gas pump and injured himself.
This action was filed on November 9, 1987, Therefore, the “substantial evidence rule” applies. Code of Alabama 1975, § 12-21-12.
It is clear from these facts, and both parties agree, that Langley was a business invitee of Bob’s Chevron.
“The occupant of premises has a duty to business invitees to use reasonable care and diligence to keep the premises in a safe condition; or, if his premises are in a dangerous condition, to give sufficient warning, so that by the use of ordinary care, his invitees may avoid danger.”
Edwards v. Hammond, 510 So.2d 234, 236 (Ala.1987).
Bob’s Chevron contended in its brief in support of its motion for summary judgment that Langley was well aware of the spilled gasoline and, therefore, that its employees had no duty to warn.
“As a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care.”
Quillen v. Quillen, 388 So.2d 985, 989 (Ala.1980).
Langley contends that the gasoline constituted a hidden danger because, he says, he did not know the slippery nature of gasoline.
It is clear that Langley was aware of the presence of the gasoline because he testified as to his attempts to avoid stepping on the gas puddle. Langley testified that at one point prior to his fall he was “standing on the island trying to avoid the puddle of gas.” He also testified:
“Q. Now, the area that the gas spilled, were you standing in that area when you were pumping gas in your truck?
“A. Well, avoiding it. No, I wasn’t standing in the gas while I was — while it finished pumping.
“Q. Well, how did you avoid it?
“A. I side-stepped as much I could the puddle.”
It is obvious that Langley was aware of the gasoline on the ground and tried to avoid it while filling his tank. The slippery nature of gasoline spilled upon a concrete surface was not a hidden danger. Under these facts, the evidence shows, as a matter of law, that Langley had notice of the dangerous condition. Bob’s Chevron had no duty to warn.
Although Langley’s complaint also averred that the gas pump in question was *1026 negligently maintained, that issue is not argued on appeal; the only issue presented for our review concerned the duty to warn.
The judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.