SHORES, Justice.
This is an appeal from a judgment based on a jury verdict in favor of the plaintiffs, Mitchell Jones and Shelby Jones, who were tenants in Shady Lake Trailer Park, which was operated by the defendant, Clarence Long. The plaintiffs alleged in their complaint, filed March 24, 1987, that Shelby Jones was injured in a slip and fall accident on the ramp leading to a garbage dumpster on the premises of Long’s trailer park, located in Lowndes County, Alabama; they alleged that Shelby Jones’s injuries and an alleged attendant loss of consortium suffered by Mitchell Jones were caused by negligence or wantonness on the part of the defendant landlord. The complaint averred in paragraph 1 as follows:
“1. On or about, to wit: January 19, 1987, on the premises of Shady Lane Trailer Park, Burkville, Alabama, while the Plaintiff, Shelby Jones, was the business invitee on the premises of said trailer park, and while the Plaintiff, Shelby Jones, was attempting to descend the ramp which adjoined the dumpster located at the said trailer park for the use and benefit of the renters at said trailer park, the Defendants negligently or wantonly caused or allowed the Plaintiff to slip on said ramp. The condition of the said ramp was unsafe at the said time and place of this accident, but no notice or warning of the unsafe condition of the ramp was given to the Plaintiff, Shelby Jones, at the time of the accident made the basis of this complaint.”
(C.R. 5.)
This case was tried before a jury on February 20, 1989. The jury returned a verdict in favor of Shelby Jones in the amount of $15,000 and for Mitchell Jones in the amount of $2,000. The defendant filed a motion for a new trial, but raised only the issue of the excessiveness of the verdict. The trial judge held a hearing and denied the motion. Clarence Long appeals.
The question before us is whether the trial court erred in denying the motion for a new trial. In response to the new trial motion, the trial court entered the following order pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986):
“This matter comes to be heard on the Defendant’s Motion for New Trial, and the Court having reviewed the motion, having heard oral arguments in open court and having considered the same in light of the evidence presented at trial, finds that the motion is due to be DENIED.
“The Court further notes that the Defendant raises in his motion the issue of excessiveness of the award. In accord with the directives of Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), the Court makes the following observations from the record of this case:
“1. Plaintiff Mitchell Jones was awarded the sum of two thousand dollars ($2,000.00) and the Plaintiff Shelby Jones was awarded the sum of fifteen thousand dollars ($15,000.00) by the jury upon claims for an amount to be determined by the jury for compensatory and punitive damages.
“2. Ample evidence was introduced from which the jury could have reasonably inferred that the Defendant breached his duty to his business invitees of maintaining his premises in a safe condition by allowing the ramp which adjoined the dumpster located at the trailer park to become unsafe at the time and place of the accident and by failing to post notice or warnings of the unsafe condition and that such conduct was negligent or wanton and that as a proximate consequence of the Defendant’s said negligence or wantonness, the Plaintiff Shelby Jones slipped and fell down and suffered injury and damage and that as a *422 further proximate consequence of the Defendant’s said negligence or wantonness, the Plaintiff Mitchell Jones was caused to incur medical expense and the loss of services and consortium of his wife.
“3. There was undisputed evidence presented at trial that the Plaintiff Shelby Jones was under the doctor’s care for a period of six weeks during which time she was unable to perform her normal household duties. She described extreme pain and anguish during the first few days after the injury, and stated that she still has problems with her ankle even at the time of trial, some nineteen months later.
“4. There was undisputed evidence presented at trial that the Plaintiff Mitchell Jones was without his wife’s services for a six to eight week period following the accident during which time he had to perform most of the household duties normally done by his wife. Also during this time his wife was in a ‘touch me not’ mood and was very easily irritated.
“5. The Defendant admitted that the very first thing he did upon learning of the Plaintiff’s injury was to take steps to make the ramp safer. He stated before the jury that he was not particularly concerned with Mrs. Jones and stated that he did not even think she fell as she testified, even though he admitted he was not present at the time and knew of no witnesses to prove that she fell somewhere else.
“6. There was proof of $343.00 in medical bills paid to Dr. Barnes, whose testimony was received by deposition. There was evidence from the Plaintiff that she also saw her family doctor, who referred her to Dr. Barnes, but there was no proof submitted as to his charges.
“7. There was proof from the Plaintiff Mitchell Jones as to his hourly pay rate and the amount of time he was required to miss [from] work in order to take his wife to the doctor some eight times.
“The Court finds from having observed all of the parties to the trial, Plaintiffs and Defendant and their respective attorneys, as well as the jury and its reaction to all of the others, that the jury’s verdict was not excessive as a matter of law and was not based on passion, bias, corruption or other improper motive.
“It is, therefore, ORDERED, ADJUDGED, and DECREED that the Defendant’s motion for a new trial ... is hereby DENIED.
“Done this 10th day of July, 1989.
“/s/ Arthur E. Gamble, Jr.
“Circuit Judge”
(C.R. 45-48.)
We have carefully reviewed the record in this case and we conclude that the trial court did not abuse its discretion in denying the motion for a new trial. We affirm the judgment of the trial court, on the authority of Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Alabama Farm Bureau Mutual Casualty Insurance Co. v. Hixon, 533 So.2d 518 (Ala.1988). Further, jury verdicts are presumed correct, and that presumption is strengthened when the trial judge refuses to grant a new trial. Super Valu Stores, Inc. v. Peterson, 506 So.2d 317 (Ala.1987).
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.