The plaintiff, Jeanette Howard, appeals from a summary judgment in favor of the defendant, Bruno's, Inc. Mrs. Howard alleges that she was injured in a slip and fall accident in the defendant's store and that the accident was due to the defendant's negligence.
Mrs. Howard alleges in her complaint that she slipped upon wax or some other dangerous substance. Mrs. Howard filed suit against Bruno's, Inc., on February 1, 1989, claiming that the defendant had not warned her or other customers of the danger created by the substance on the floor. The defendant moved for summary judgment on August 23, 1989. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.Bogue v. R M Grocery, 553 So.2d 545 (Ala. 1989). The "substantial evidence rule" applies to this case, as the complaint was filed after June 11, 1987. See § 12-21-12, Ala. Code 1975.
In Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 63,173 So. 388, 391 (1937), this Court held:
 "[T]he occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron R.R. Co., 143 Ala. 299, 39 So. 301 (1905).
 "This rule . . . also includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation."
Thus, "[t]he storekeeper is not an insurer of the customer's safety, but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition." Clayton v. KrogerCo., 455 So.2d 844, 845 (Ala. 1984). The doctrine of res ipsa loquitur is not applicable. Massey v. Allied Products Co.,523 So.2d 397, 398 (Ala. 1988).
In support of its summary judgment motion, the defendant submitted its answers to interrogatories and excerpts from the plaintiff's deposition. Evidence offered in support of or in opposition to a summary judgment motion must conform to Rule 56(e), A.R.Civ.P., and must be admissible at trial. Car Center,Inc. v. Home Indem. Co., 519 So.2d 1319, 1322 (Ala. 1988). The defendant's answers to interrogatories are not admissible, because the answers were not based on the personal knowledge of the person giving the answers, the store manager, but rather were based on what other persons had told him. *Page 259 
The only admissible evidence before the trial court on the motion for summary judgment shows the following: The plaintiff went to the defendant's store at approximately 1:00 a.m. on June 21, 1988, to buy cigarettes and bread; she had had several beers before going to the store; she testified that she had two or three beers before dinner, one with dinner, and one after dinner; she testified that she would not be surprised if someone smelled the odor of alcohol on her breath when she fell; the plaintiff customarily shopped at this grocery store and was familiar with the store's layout; she did not look at the floor of the store before she fell; she saw a man mopping the floor near the produce counter and she did not want to walk where she saw him mopping; thus, she cut through a checkout lane, where she fell; she had not seen anything on the floor, such as a liquid, nor had she looked at the floor to see if there was anything on it, from the time she walked into the store until she fell; and she did not look after she fell; she also did not have any conversation with, or hear any statements by, any of the store employees; and she thought she fell due to wax on the floor because she saw something sticky on her shirt later that evening after she had gotten home. In this respect this case differs from Cox v. Western Supermarkets, Inc.,557 So.2d 831 (Ala. 1989). There, the plaintiff said she felt a wet spot on the seat of her pants immediately after the fall. In the present case, there is no evidence of any breach of duty by the defendant; summary judgment was therefore correctly entered for the defendant. Massey v. Allied Products Co., 523 So.2d 397
(Ala. 1988); Tice v. Tice, 361 So.2d 1051 (Ala. 1978).
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.