The plaintiffs, Betty Louise Kenney and William D. Kenney, appeal from a summary judgment entered in favor of the defendant, the Kroger Company. Betty Kenney sued to recover damages for injuries that she sustained as the result of a slip and fall accident at the defendant's store, and her husband sued for loss of consortium. The plaintiffs alleged that the defendant negligently maintained the floor at its supermarket and that its negligence proximately caused Mrs. Kenney to fall and be injured. We reverse and remand.
On October 19, 1988, Mrs. Kenney went shopping at the defendant's store. As she was pushing her shopping cart down an aisle, she slipped and fell onto the floor. The fall injured her back, neck, and left leg. There was evidence that when paramedics arrived to aid Mrs. Kenney, they found her lying on her back in a pool of Pine-Sol, a cleanser-disinfectant, the clothing of her back and buttocks area saturated with the cleanser. There was also evidence that there was an open bottle of Pine-Sol on the shelf with its cap missing.
In their complaint the plaintiffs alleged that the defendant negligently caused or allowed a dangerous condition to exist on the floor of the supermarket. The defendant made a motion for summary judgment, and the trial court granted it but did not specify any reason for granting the motion.
In a slip and fall case the plaintiff must prove
 " '(a) that the foreign substance slipped upon was on the floor a sufficient length of time to impute constructive notice to the defendant, or (b) that the defendant had actual notice of the substance's presence on the floor, or (c) that the defendant was delinquent in not discovering and removing the foreign substance. In the absence of such proof, the plaintiff has not made out a prima facie case that the defendant was negligent in the maintenance of its floors.' "
Cox v. Western Supermarkets, Inc., 557 So.2d 831, 832 (Ala. 1989) (quoting Winn-Dixie Store No. 1501 v. Brown,394 So.2d 49, 50 (Ala.Civ.App. 1981)). A summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. All reasonable doubts concerning the existence of a genuine issue of fact must be resolved against the moving party. Kizziah v.Golden Rule Insurance Co., 536 So.2d 943 (Ala. 1988). Once the moving party makes a prima facie showing that no genuine issue of material fact exists, then the nonmoving party must rebut the moving party's prima facie showing by presenting evidence that creates a genuine issue of material fact. Rule 56, A.R.Civ.P.; Wimberly v. K-Mart, Inc., 522 So.2d 260, 261 (Ala. 1988).
Because this action was filed after June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that the nonmovant meet his burden by offering "substantial evidence." Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Fla.,547 So.2d 870, 871 (Ala. 1989).
In the present case, the defendant argues that it was entitled to a summary judgment because, it says, it made a prima facie showing that there was no genuine issue of material fact concerning whether it had actual or constructive notice that there was any foreign substance on the floor and the plaintiffs failed to present substantial evidence that it had such notice. Therefore, the defendant argues, it was entitled to a judgment as a matter of law.
As stated above, the plaintiff at the summary judgment stage need only present "substantial evidence" to establish (1) that the foreign substance was on the floor long enough to impute constructive notice to the defendant, or (2) that the defendant had actual notice of the substance's presence, or (3) that the defendant was delinquent in *Page 359 
not discovering and removing it. Cox, supra.
 "The only issue before us is whether the evidence offered in support of, and that offered in opposition to, the motion for summary judgment created a material issue of fact as to whether the foreign substance upon which the plaintiff slipped had been on the floor for a period of time sufficient to permit a jury to conclude that the storekeeper either knew it was there or should have known that it was there."
Wimberly, supra, at 261.
In this case Mrs. Kenney presented her own affidavit and the deposition of John Mark Howell, one of the paramedics that aided the plaintiff after her fall. Mrs. Kenney stated that at the time she entered the supermarket there were many people in the store due to a promotional drawing and that she had gone down several aisles before slipping and falling in front of the Pine-Sol. Mrs. Kenney further stated that as she fell backward she smelled the strong odor of Pine-Sol.
Mr. Howell stated in his deposition that the paramedics received the call about the accident at 10:44 a.m. Mr. Howell said that when he arrived, the smell of Pine-Sol permeated the area. In addition, Mr. Howell stated that he found the plaintiff lying on her back in a pool of Pine-Sol, the clothing of her back and buttocks area well saturated with Pine-Sol. Mr. Howell also said that he saw an open bottle of Pine-Sol on the shelf with the cap missing.
The defendant argues that this evidence did not constitute substantial evidence that the defendant was negligent in the maintenance of its floors.
 "It is not always necessary, however, to offer direct evidence as to the length of time a foreign substance has remained on the floor. In some cases it is permissible to allow a jury to infer the length of time from the nature and condition of the substance. This has been allowed where the substance is dirty, crumpled, mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the floor long enough to raise a duty on the defendant to discover and remove it."
Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala. 1982).
The plaintiff's evidence here indicates that a large amount of Pine-Sol had collected on the floor. In answers to interrogatories, the defendant's store manager stated that the supermarket floors were cleaned daily between 6 a.m. and 9 a.m. Although the store manager stated that on the morning of Mrs. Kenney's fall he had had no knowledge of any foreign substance on the floor, there was heavy traffic in the supermarket that morning due to the promotional drawing. Mrs. Kenney's accident apparently occurred shortly before 10:44 a.m., one hour and forty minutes after the last routine cleaning.
Based on these facts, a reasonable person could conclude that the length of time necessary for an amount of Pine-Sol to collect in a pool large enough to saturate the clothing of Mrs. Kenney's back and buttocks area was a sufficient length of time to either put the defendant on constructive notice that the substance was there or make the defendant delinquent in not discovering and removing the substance before Mrs. Kenney slipped and was injured.
Thus, there is a question of fact as to how long the Pine-Sole had been on the defendant's floor. "This is all that is necessary to defeat [a motion for] summary judgment. We have frequently observed that summary judgment is seldom appropriate in negligence cases." Wimberly, supra, at 261. Consequently, the resolution of the question of whether the defendant had constructive or actual notice or was delinquent in failing to discover and remove the Pine-Sol before the plaintiff fell is the responsibility of the trier of fact. Cox, supra. Therefore, we reverse and remand.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and KENNEDY, JJ., concur. *Page 360 
STEAGALL, J., concurs in the result.
HOUSTON, J., dissents.