James L. TIDD, Plaintiff,

v.

WALMART STORES, INC., Defendant.

Civ. A. No. 90–G–1098–S.

United States District Court,
N.D. Alabama, S.D.

March 5, 1991.

K. Rick Alvis, Lucas, Alvis & Kirby, Birmingham, Ala., for plaintiff.

Charles F. Carr and Bennett L. Pugh, Rives & Peterson, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, Senior District Judge.

This cause is before the court on defendant's motion for summary judgment. Having considered the motion, the submissions of counsel, and the applicable law, the court finds that there is no genuine issue of material fact, and that the defendant is entitled to judgment as a matter of law.

■ This case is a slip and fall personal injury case. The plaintiff slipped and fell due to a foreign substance on the floor in one of defendant's stores. In a negligence case such as the case at bar, the plaintiff must show that there was a legal duty owed to him by the defendant which the defendant breached thereby proximately causing injury to plaintiff. *Raspilair v. Bruno's Food Stores, Inc.,* 514 So.2d 1022 (Ala.1987). Plaintiff was a business invitee on defendant's premises. In Alabama,

> [a]n invitor's duty to an invitee is to keep [its] premises in a reasonably safe condition, and, if the premises are unsafe, to warn of hidden defects and dangers that are known to it, but that are unknown or hidden to the invitee. *Bush v. Alabama Power Co.,* 457 So.2d 350 (Ala.1984). Dangers that are open and obvious or that should be known to an invitee in the exercise of reasonable care, do not require a warning. *Owens v. National Security of Alabama, Inc.,* 454 So.2d 1387 (Ala.1984). Actual or constructive notice of the dangerous condition must be proven before the invitor can be held responsible for the injury. *Cash v. Winn–Dixie Montgomery, Inc.,* 418 So.2d 874 (Ala.1982).

*Raspilair v. Bruno's Food Stores, Inc.,* 514 So.2d 1022, 1024.

■ An invitor is not the insurer of invitees' safety. No presumption of negligence arises from the mere occurrence of an injury to an invitee. *Edwards v. Hammond,* 510 So.2d 234 (Ala.1987); *Tice v. Tice,* 361 So.2d 1051, 1052 (Ala.1978).

■ In the case at bar, the plaintiff did not see the liquid he slipped on until after he had fallen. A witness, Mary Swain, stated in deposition that she saw the liquid on the floor just prior to plaintiff's fall, and that it was a large spill. She had no opinion about the condition of the liquid prior to plaintiff's fall. She could not say whether it was dirty, nor could she say how long the spill had been on the floor. Deposition of Mary Swain, pages 7–12.

■ There is no evidence that the defendant had actual or constructive notice of the spill. The record is devoid of evidence regarding the length of time the spill had been on the floor. Plaintiff contends that the size of the spill is sufficient in itself to raise a question of fact regarding the length of time the spill had been down. The court finds that this fact without more

is not sufficient to create a question of fact. A large spill can be as young as a small spill. A large spill can be as sudden as a small spill. Anyone who has held a burping baby knows that a large spill can occur with lightning speed. A large, sudden spill gives an invitor no additional notice merely because of its size. Were there evidence of a seeping container or an overturned container dripping onto a shelf and thence onto the floor, a reasonable inference could be drawn that a large spill had been there long enough to raise a duty on the part of the defendant to discover and remove it. The case at bar presents no such evidence.

■ In the case at bar, the record is devoid of evidence that the defendant had any knowledge or that it should have had any knowledge of a hazardous condition on its premises. In a slip and fall case involving a foreign substance on the floor, the plaintiff must show that the defendant had notice or should have known of the dangerous condition at the time of the occurrence of the injury. *Massey v. Allied Products Company*, 523 So.2d 397 (Ala.1988); *Tice v. Tice*, 361 So.2d 1051 (Ala.1978). No evidence has been adduced from which an inference of prior actual or constructive notice can be drawn. Without such a showing, no breach of duty on the part of the defendant can be found, and no prima facie case can be established.

The plaintiff would have the court rely on the holding in *Kenney v. Kroger Co.*, 569 So.2d 357 (Ala.1990). In that case there was sufficient liquid on the floor to saturate the plaintiff's clothing when she fell into it. The Alabama Supreme Court held that this fact in and of itself constituted substantial evidence sufficient to raise a question of fact regarding the length of time the substance had been on the floor. In the case at bar, there was, according to plaintiff's deposition testimony, sufficient liquid on the floor where he slipped to saturate his clothing.

■ Regardless of the factual parallel, this court is not bound by the state court's decision in *Kenney*. This decision is an evidentiary ruling by the Alabama Supreme Court which is not binding on this court. Under the *Erie* doctrine, only rulings of substantive state law are binding on the federal courts in diversity suits. *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Determining the sufficiency of evidence to create a question of fact is properly a question for the forum in which it is presented. State law does not apply in this instance. C. Wright, *Law of Federal Courts* § 92 at 607 (4th ed. 1983).

■ The standards for deciding a motion for summary judgment are set for this court by the Federal Rules of Procedure, the Federal Rules of Evidence,[1] and the evidentiary standards developed thereunder, not by the decisions of the state courts. Under the governing law, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.... [T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.... If the evidence is merely colorable ... or is not significantly probative, ... summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202, 212 (1986). The evidence presented in the case at bar is barely colorable, and it does not create a genuine issue of material fact. Accordingly, the defendant is entitled to judgment as a matter of law.

---

1. The Federal Rules of Evidence are procedural in nature, not substantive. 56 F.R.D. 183 (1972). While the nonmoving party is not required to produce evidence of its prima facie case in a form that would be admissible at trial in order to avoid summary judgment, its evidence is evaluated by the court within the basic framework of the Federal Rules of Evidence. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 274 (1986).