SHORES, Justice.
The plaintiff in this slip and fall case, Wendy Whiteside, appeals from a summary judgment for the defendant, Movies 10. Whiteside sued Movies 10 for damages based on personal injuries she claims she sustained when she slipped and fell in the aisle of the defendant’s movie theater. We affirm.
On June 3, 1992, Whiteside went to the Movies 10 theater on Airport Boulevard in Mobile with her boyfriend, Byron Coleman. At approximately 8:45 p.m., Whiteside rose to go to the bathroom. After moving past Coleman, Whiteside pivoted to walk up the aisle; as she did so, she slipped and fell. She testified by deposition that she did not look to see what caused her to slip and fall. Coleman stated in his deposition that he did not see what caused Whiteside to slip and faU.
An employee of Movies 10 testified by deposition that he inspects and cleans the floors of the theater after each show and that the theater had been cleaned before the show Whiteside viewed. At that time, the employee stated, he picked up popcorn containers, drink cups, napkins, and candy boxes. He stated that he made another inspection 5 to 10 minutes after Whiteside’s fall and found nothing at the spot where she had fallen.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Ala.Code 1975), for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence” creating a genuine issue of material fact; “substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
On a motion for summary judgment, when the movant makes a prima facie showing that no genuine issue of material fact exists, as the defendant did in this case, the burden shifts to the non-movant to present “substantial evidence” supporting his position and creating a genuine issue of material fact. Campbell v. Valley Garden Apartments, 600 So.2d 240 (Ala.1992). This the plaintiff failed to do. Whiteside argues that there is substantial evidence from which a jury could infer that she tripped on debris on the movie theater floor that was there because of a failure by Movies 10 to exercise reasonable care in maintaining its premises. However, the evidence she presented established only that she slipped and fell. White-side presented no evidence to establish that there was debris on the theater floor. “The owner of a premises in [business invitee] cases is not an insurer of the safety of his invitees, and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.” Tice v. Tice, 361 So.2d 1051, 1052 (Ala.1978).
The summary judgment is affirmed. See McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 959 (Ala.1992); Breeden v. Hardy Corp., 562 So.2d 159, 160 (Ala.1990); Bogue v. R & M Grocery, 553
*548 So.2d 545, 457 (Ala.1989); and Tice v. Tice, supra.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.