BEATTY, Justice.
Plaintiff-appellant, Bertram L. Howell, filed an action in Mobile Circuit Court seeking damages from Mobile Infirmary, Dr. Shepard Jerome, Dr. Harry Webster and Dr. Edward Bryant. Howell alleged that due to the negligence of the aforementioned defendant-appellees he suffered a burn to his leg. After extensive pre-trial discovery, each appellee was awarded a summary judgment. From these judgments, Howell appeals.
*339 Defendants Webster and Bryant filed motions to dismiss Howell’s appeal relying on the contention that it was not timely filed. The movants contended that the summary judgments as to them, granted on October 1, 1974, were final, appeala-ble judgments and that Howell’s failure to file notices of appeal within six months of that date (he filed on January 20, 1976) warranted the dismissals. However, on the authority of Powell v. Republic National Life Insurance Co., 293 Ala. 101, 300 So.2d 359 (1974) we must overrule the motions to dismiss. Summary judgments in favor of the remaining co-defendants were granted after the judgments of October 1, 1974; therefore, the judgments of October 1 were not final and appealable at the time of their rendition.
The crux of this appeal is whether the summary judgments were correctly granted. We hold that the trial court erred in granting the summary judgments and, therefore, reverse and remand for trial.
Rule 56(c), ARCP, provides that summary judgment “. . . shall be rendered . if . there is no genuine issue as to any material fact and . the moving party is entitled to a judgment as a matter of law.”
After carefully studying the record in this case, we have concluded that there are genuine issues of material facts which should be determined by trial and, therefore, the summary judgments were improvidently granted. The record reveals that prior to appellant’s entry into the operating room he had no burn on his left leg. Approximately four or five hours after the operation, when the spinal anesthetic he had been given began to dissipate, appellant felt a pain in his lower left leg. He complained to his wife who found “a real red place about the size of a half dollar” on his lower left leg. Dr. Jerome, one of the co-defendants, said it looked like an electrical burn perhaps caused by the omission of a ground plate. This would have been a feasible explanation in light of the use of a Bovie Electro-surgical unit to cauterize bleeding from the veins. A second doctor, Dr. Crump, concurred. A plastic surgeon called in by Dr. Jerome described it as a third degree burn and did some skin grafts.
Hospital records included in the transcript contain the report of Dr. Jerome: “. . . because of the presence of the burn postoperatively, which was not present preoperatively, administration was notified of this complication.” A second entry in the hospital records is equally persuasive. Concerning appellant the records reveal: “Received leg injury in surgery and is upset.”
Appellant’s affidavit, submitted in opposition to the motions for summary judgment, sets out similar facts. He dispells the notion that he could have been injured in the recovery room, while being conveyed to his hospital room, or in his room because although he had no feeling in his lower body as a result of the spinal, he was cognizant and could see his lower extremities at all times. However, while he was in the operating room, due to a shield, he could not see what was happening with regard to either the operation or his lower extremities which were deadened by the spinal injection. He contends that the only time he was not in a position to know he had been burned was during the operation.
The burn caused appellant serious problems. The record reveals that prior to the burn he had a varicose vein condition in both legs, but the condition did not require treatment. The skin graft required as a result of the burn did not heal properly, according to the plastic surgeon, and the veins in the left leg became infected. In November 1974, the plastic surgeon placed appellant in the hospital again and Dr. Curtis Smith stripped the varicose veins in appellant’s left leg.
What is clear from the record is that appellant’s left leg was burned at some point during the period of time appellant was being “prepped” for surgery until he was taken to the recovery room. The hospital admits that the only electrical instrument used on appellant was the Bovie Elec-tro-surgical unit, which requires grounding on the patient’s lower extremities. The *340 depositions of the three physician-appellees agree in assigning possible causes for such a wound as the following:
1. A malfunction in the Bovie Electro-surgical unit, or groundplate, causing a burn.
2. Pressure, either a heavy object for a short period of time, or a milder pressure for a long period of time, at least several hours.
In this regard it is important to comprehend the incapacity of the patient; Dr. Jerome testified that the patient could not even move his legs to cross them until the spinal anesthetic had worn off.
It is quite obvious that the entire record leaves many questions unanswered, a predominating one being the major issue in this case: how did the injury occur? This question raises a genuine issue of material fact which, were the answer known, would document responsibility or cause for the burn. Without the answer to this question the trial court should not have granted summary judgments in favor of the appellees because the trial judge could not determine on the basis of information before him that they were entitled to judgments as a matter of law.
3 Barron & Holtzoff, Federal Practice and Procedure, § 1231 (1958) is instructive:
“The summary judgment procedure is a method for promptly disposing of actions in which there is not genuine issue as to any material fact. * * * The summary judgment procedure is not a substitute for the trial or disputed issues of fact. * * * The procedure is well adapted to expose sham claims and defenses but cannot be used to deprive a litigant of a proper trial of genuine issues of fact." (Emphasis supplied.)
The tendency of the evidence upon submission for summary judgment appears to us to present at least a degree of negligence on the part of the defendants. How a jury would assess the evidence presented, or whether any such view would correspond with ours, we do not comment upon.
This Court is not at liberty to deprive the plaintiff of a proper trial against any defendant-appellee. It appears from the record that each defendant-physician, and some of the hospital’s agents, were in the operating room during the surgery, and it is a fair inference that each bore some responsibility for the plaintiff’s care and successful treatment.
Because the record leaves so many issues unanswered that might be answered at trial, we must reverse each judgment granted by the trial court.
REVERSED AND REMANDED.
HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.