The plaintiff, Mamie Dunklin, brought this action for damages against Winn-Dixie of Montgomery, Inc., on November 4, 1987. She alleged that negligence on the part of the defendant caused her fall on June 18, 1987, while she was in the defendant's store. Specifically, Dunklin alleged that she was injured because she slipped on water that she says the defendant had negligently allowed to be on its floor. After the close of the plaintiff's case, the trial court directed a verdict for the defendant. The sole issue before this Court is whether the trial court erred in directing the verdict. We hold that the trial court did err, and we reverse the judgment based on the directed verdict.
By directing a verdict for the defendant, the trial court held that the plaintiff had not met the required standard of proof. The following standard governs our review of the trial court's holding:
 "The standard of appellate review applicable to a motion for directed verdict is identical to the standard used by the trial court in granting or denying the motion initially. Thus, when reviewing the trial court's ruling on the motion, we determine whether there was sufficient evidence to produce a conflict warranting jury consideration. And, like the trial court, we must view any evidence most favorably to the nonmovant. Bussey v. John Deere Co., 531 So.2d 860
(Ala. 1988)."
Ogle v. Long, 551 So.2d 914, 915 (Ala. 1989). Because this action was filed after June 11, 1987, the "substantial evidence rule," set out at Ala. Code 1975, § 12-21-12(d), applies. "Substantial evidence" has been defined as follows:
 "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."
West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
The legal standard governing Winn-Dixie's duty to Ms. Dunklin is well settled:
 "[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance."
Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990). See alsoEast v. Wal-Mart Stores, Inc., 577 So.2d 459 (Ala. 1991), Howardv. Bruno's, Inc., 567 So.2d 257 (Ala. 1990), and Cox v. WesternSupermarkets, Inc., 557 So.2d 831 (Ala. 1989). *Page 465 
The trial court in this case directed the verdict for the defendant because it found that the plaintiff had not presented substantial evidence that Winn-Dixie knew of the water on the floor, or that the water had been on the floor long enough for Winn-Dixie to be charged with knowledge of the hazardous condition. Before this Court the question is the same; we must determine whether the plaintiff presented substantial evidence that Winn-Dixie had either actual or constructive notice of the water on the floor.
The plaintiff slipped and fell in water while in the produce section of defendant's store. She testified that when she entered the store she passed the produce section and that at that time an employee was setting out vegetables with water on them. She stated that she fell after she returned to the produce section within a "couple of minutes." The evidence also showed that vegetables were regularly washed and put out near the area where the fall took place and that that area was checked every 20 to 25 minutes. Finally, the evidence before the trial court indicated that no water was seen on the floor until after Ms. Dunklin's fall.
The fact that Ms. Dunklin slipped and fell on water in the defendant's produce section is undisputed. Although there was considerable dispute in the evidence about the source of the water on the floor where Ms. Dunklin slipped, we find that Ms. Dunklin did present substantial evidence that the water in which she slipped was spilled on the floor by a Winn-Dixie employee. We note that the rule set out in Maddox, supra, does not envision the introduction of evidence about the source of the hazardous condition. None of our cases directly addresses the situation presented in this case, where the plaintiff's evidence indicates that the hazard was created by the defendant. Under these circumstances, the specific rule of premises liability is that notice of the hazardous condition is imputed to the defendant.
Where there is substantial evidence that the defendant's actions created the hazardous condition, the plaintiff need offer no further evidence that the defendant had notice of the hazardous condition.
 "When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice."
Joseph A. Page, The Law of Premises Liability, § 7.11 at 169 (2d ed., 1988). Examples of cases applying this rule to hold that an issue of material fact is established when the plaintiff has presented evidence concerning the handling of wet produce include Seganish v. District of Columbia SafewayStores, Inc., 406 F.2d 653 (D.C. Cir. 1968); Van Den Bron v.Fred Meyer, Inc., 86 Or. App. 329, 738 P.2d 1011 (1987); and J.Weingarten, Inc. v. Hochman, 487 S.W.2d 159 (Tex.Civ.App. 1972).
The record contains evidence from which a jury could reasonably infer that a Winn-Dixie employee spilled water on the floor while setting out wet produce. Where the hazard results from the defendant's actions, the defendant is presumed to have notice of the hazard. Accordingly, the trial court erred in holding that the plaintiff had produced no substantial evidence that the defendant had actual or constructive notice of the water on the floor. Whether the plaintiff must present additional evidence of notice in this case turns on the determination of the source of the hazard. That determination is an issue for the trier of fact. We therefore reverse the judgment below and remand the cause for further proceedings.
REVERSED AND REMANDED.
MADDOX, SHORES, KENNEDY and INGRAM, JJ., concur. *Page 466