STEAGALL, Justice.
The plaintiffs, Aliene Barnard and her husband, Radford Barnard, appeal from a summary judgment entered in favor of American Medicorp Development, Inc. (hereinafter “American Medicorp”), in an action alleging liability for injuries sustained by Aliene in a slip and fall accident on premises owned by American Medicorp. Radford’s claim was for loss of consortium.
On April 27, 1989, Aliene was a patient of Breast Diagnostic Center, Inc. Ameri-can Medicorp owns the building occupied by Breast Diagnostic Center. As Aliene was entering the building, she tripped and fell on an entrance ramp and was injured.
The Barnards contend that the trial court erred in entering the summary judgment because, they argue, there is a genuine issue of material fact as to whether Ameri-can Medicorp was negligent in the maintenance, design, construction, and upkeep of its premises.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court must review the evidence in a light most favorable to the nonmovant. Thetford v. City of Clanton, 605 So.2d 835 (Ala.1992). This case was filed after June 11, 1987; accordingly, the “substantial evidence” rule applies to the ruling on the motion for summary judgment. Ala.Code 1975, § 12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. Betts v. McDonald’s Corp., 567 So.2d 1252 (Ala.1990). “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
American Medicorp does not dispute that Aliene was a business invitee on its premises. American Medicorp owed Al-iene a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992). American Medicorp will not be liable for Allene’s injuries if they resulted from a danger that was known to Aliene or that should have been observed by her in the exercise of reasonable care. McClendon. In McClendon, the plaintiff slipped and fell while walking on a gravel and dirt surface that she alleged concealed a sharp incline. This Court held that there was a genuine issue of material fact as to whether the defendant used reasonable care and diligence to maintain the surface of the premises in a safe condition and whether the plaintiff knew or should have known of the risks associated with walking on a gravel and dirt surface that allegedly concealed the sharp incline.
In support of its motion for summary judgment, American Medicorp submitted the depositions of Aliene and Rad- *1335 ford Barnard and the Barnards’ answers to interrogatories. American Medicorp also submitted the affidavit of Linda Brasher, who had worked at Breast Diagnostic Center since 1985; the affidavit of James Mun-ger, a consultant to architects and builders; the American National Standards Institute, Inc., regulations for ramps; the 1982,1985, 1988, and 1991 editions of the Standard Building Code; City of Huntsville Ordinance 87-165; and City of Huntsville Ordinance 83-504.
In his answers to interrogatories, Rad-ford stated that there was a sharp incline at the entrance ramp of approximately two to three inches, which was not marked. In her answers to interrogatories, Aliene stated that at the entrance ramp there was a small step and that a white line on the ramp was “so dull you couldn’t see it unless you looked down close to it” and that she did not see the white line.
In her affidavit, Brasher stated that Breast Diagnostic Center opened on August 5, 1985; that, at that time, there was a physical handicap access ramp into the facility; and that the entrance to the facility was not structurally changed until 1990. In his affidavit, Munger stated that the ramp at the Breast Diagnostic Center complies with the American National Standards Institute requirements for handicap access ramps; that the ramp complies with the provisions for ramps in the 1982, 1985, 1988, and 1991 editions of the Standard Building Code; and that the ramp complies with the Huntsville Building Code requirements.
In response to American Medicorp’s motion for summary judgment, the Barnards submitted their depositions and the affidavit and deposition of their expert witness, William David Smith III. In his affidavit, Smith stated that he is an architect and that the ramp at the Breast Diagnostic Center does not comply with specifications for handicap ramps as defined in the 1982 Standard Building Code or with the Ameri-can National Standards Institute requirements. Smith further stated that the “ramp is turned sideways to the normal path of travel presenting a riser of varying height” and that the “design constitutes a tripping hazard for a non-disabled person which should have been protected from traffic by a hand rail or barrier.” In his deposition, Smith stated that he did not have specific knowledge of the construction of the ramp in April 1989; Smith stated that “it is my opinion that the ramp was constructed substantially not in compliance with the then existing Building Codes.”
Based on the record before us, we hold that there is a genuine issue of material fact as to whether American Medicorp exercised reasonable care and diligence to maintain the entrance ramp in a safe condition and whether Aliene knew or should have known of the alleged dangerous condition.
The trial court’s judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.