The defendants, Wal-Mart Stores, Inc., and Sheldon A. Day, appeal from a judgment based on a jury verdict in favor of the plaintiff, Clifton McClinton, in an action alleging negligence. We affirm.
McClinton testified that on January 24, 1992, he entered the Wal-Mart store in Thomasville, that he went to the sporting goods department to look for a "turkey yelper," that while walking down an aisle he approached two wooden gun cabinets that were displayed side by side, and that as he neared the end of the aisle where the gun cabinets were located his left foot jammed against something and he fell to the floor. He stated that after he fell he saw a piece of wood molding lying in the aisle and heard an employee of Wal-Mart say that he had fallen on a piece of wood off the gun cabinet. McClinton testified that he did not see the piece of wood before he fell. Some Wal-Mart employees testified that the piece of wood was not on the floor before McClinton fell.
McClinton also testified that the gun cabinets protruded into the aisle approximately 6 inches. Sheldon Day, the store manager, who was also named as a defendant in this action, described each cabinet as being 5 feet 10 inches high and being 30 inches wide at the base, with a piece of decorative wood molding attached to the bottom of the base. He stated that this molding was 30 inches long and 1 inch wide and that it extended 1/8 inch beyond the base on each side of the cabinet.
McClinton testified that as a result of his fall he experienced pain in his left wrist and shoulder, and that he has had to have arthroscopic surgery on his knee. He said that at the time of the trial he was still suffering from soreness in his knee and that the soreness limited his daily activities. Also, he testified that he had incurred $7,036.25 in total medical expenses as a result of the accident. The jury returned a verdict in favor of McClinton for $18,000. Wal-Mart and Day appeal from a judgment based on that verdict.
In Campbell v. Burns, 512 So.2d 1341, 1343 (Ala. 1987), this Court set out the following standard of review for a jury verdict:
 "Upon review of a jury verdict, we presume that the verdict was correct; we review the tendencies of the evidence most favorably to the prevailing party; and we indulge such reasonable inferences as the jury was free to draw from the evidence. We will not overturn a jury verdict unless the evidence against the verdict is so much more credible and convincing to the mind than the evidence supporting the verdict *Page 234 
that it clearly indicates that the jury's verdict was wrong and unjust."
(Citation omitted.)
Wal-Mart and Day argue that the trial court erred in denying their motion for directed verdict because, they say, McClinton failed to make a prima facie showing of negligence. They contend that he presented no evidence that they had actual or constructive knowledge of the potential hazard in displaying the cabinets. In Maddox v. K-Mart Corp., 565 So.2d 14
(Ala. 1990), this Court summarized the applicable law in "slip and fall" cases:
 "[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an 'insurer of the customer's safety,' and is liable for injury only if he 'negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.' The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance."
565 So.2d at 16.
Citing Tice v. Tice, 361 So.2d 1051, 1052 (Ala. 1978), Wal-Mart and Day argue that the burden of proof stated inMaddox is applicable in this case. However, the facts in Tice
are different from those in this case. In Tice, the plaintiff slipped and fell in the defendants' yard. She did not know what caused her fall, and there was no evidence that the owners had created the condition that caused her fall. Here, however, there is evidence that Wal-Mart, by displaying the protruding gun cabinet with its easily detached molding, created a hazardous condition that caused the plaintiff's fall. Thus, because this judgment is based on evidence that the owner acted negligently in creating the dangerous condition, rather than in negligently failing to discover and remove a foreign substance, other case law is controlling. Dunklin v. Winn-Dixie ofMontgomery, Inc., 595 So.2d 463 (Ala. 1992).
In Dunklin, the plaintiff slipped and fell in water in the produce section of a Winn-Dixie supermarket. There was evidence that a Winn-Dixie employee had sprayed the water on the floor while washing the produce. In reversing a summary judgment in favor of Winn-Dixie, this Court stated,
 " 'When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.' "
595 So.2d at 465 (quoting Joseph A. Page, The Law of PremisesLiability, § 7.11 at 169 (2d ed. 1988). Likewise, Wal-Mart created the dangerous condition by allowing the gun cabinet, with its extended molding, to protrude into the aisle. Thus, notice of the hazardous condition is imputed to Wal-Mart and Day, and McClinton need not introduce additional evidence of notice to make a prima facie case.
This case is also analogous to Mims v. Jack's Restaurant,565 So.2d 609 (Ala. 1990), where the trial court entered a summary judgment in favor of Jack's Restaurant because the plaintiff, who fell over a loose part of the restaurant's threshold, presented no evidence that Jack's knew or should have known that its threshold was loose. This Court distinguished the facts in Mims from the facts in a case where a plaintiff slips and falls on a slippery substance of unknown origin:
 "In one of those slip and fall cases [cases involving a slippery substance of unknown origin], a plaintiff not only must make a prima facie showing that her fall was caused by a defect or instrumentality [a slippery substance] located on the premises, *Page 235 
but she must also present prima facie evidence that the defendant had or should have had notice of the defect or instrumentality at the time of the accident. On the other hand, in cases where the alleged defect is a part of the premises (in this case, a loose threshold in the main entrance of a restaurant), once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident."
565 So.2d at 610. (Citations omitted.) Here, the protruding gun cabinet is analogous to the loose threshold in Mims, or to the water on the floor in Dunklin, in that there is evidence that the hazardous condition was created by the employee of the premises owner.
Wal-Mart and Day further argue that they are not liable for McClinton's injuries because, they say, the defect was open and obvious. This Court wrote in Edwards v. Hammond, 510 So.2d 234,236 (Ala. 1987):
 " 'The invitee assumes all normal and ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.' "
(Quoting Quillen v. Quillen, 388 So.2d 985 (Ala. 1980), which was quoting earlier sources.) While it is evident that McClinton saw the displayed cabinet, it is not evident that he knew, or should have known, or that he appreciated, the danger caused by the fact that the cabinet and its molding protruded into the aisle. The question whether this danger was open and obvious was properly presented to the jury. We cannot agree that the defect was open and obvious as a matter of law. SeeHarding v. Pierce Hardy Real Estate, 628 So.2d 461 (Ala. 1993).
The judgment is due to be affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.