SAM A. BEATTY, Retired Justice.
Mattie F. Edwards and Larry Edwards appeal from a summary judgment entered in favor of the Kroger Company. Our supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
While shopping in a grocery store owned and operated by Kroger in Decatur, Mattie Edwards slipped and fell. Mrs. Edwards alleges that as a result of her fall she sustained a disc injury to her lower back. Just before her fall, she was looking at cheese in the dairy aisle. She was reading a label on a container of cheese dip, and fell as she began to walk away. Mrs. Edwards testified that as she fell, she saw a piece of cardboard fly out from under her feet. A Kroger employee retrieved the piece of cardboard from the floor near where Mrs. Edwards fell and kept it in a store file.
The record reflects that earlier in the day on which Mrs. Edwards fell, two Kroger employees, Phillip Chambers and Dwight Wigginton, had been stocking the dairy display cases. When they finished stocking the shelves, they broke down the cardboard boxes that had contained the stock and loaded the flat pieces into a shopping cart that they then pushed to a recycling area. Chambers testified that he did not throw any cardboard on the floor and did not see any cardboard on the floor in the dairy aisle. Wigginton did not testify. At the time of Mrs. Edwards’s fall, another Kroger employee, Jan Brown, was working in the deli section of the store, located approximately 10 feet from the accident site. Brown testified that she had removed merchandise from cardboard boxes earlier in the day and put it on display in the cheese area. Brown and another deli employee, Donna Bates, testified that they had walked up and down the dairy aisle several times that day, but that they had not seen any cardboard on the floor.
The Edwardses sued Kroger, Mrs. Edwards alleging that negligence on the part of Kroger caused her fall and resulting injury and Mr. Edwards alleging a loss of consortium. In its answer, Kroger alleged that Mrs. Edwards was guilty of contributory negligence. Kroger then moved for a summary judgment. The court granted that motion. In entering the summary judgment, the court held that the Edwardses had not provided substantial evidence that Kroger had actual or constructive notice that the *225 piece of cardboard was on the floor. The trial court also found that the Edwardses had not provided substantial evidence that Kroger created a defect or hazardous condition on its premises about which knowledge is imputed to it as a matter of law. The trial court concluded that the Edwardses had not rebutted with substantial evidence Kroger’s showing that it was not negligent on the occasion of Mrs. Edwards’s fall.
The Edwardses contend that the trial court erred in concluding that they did not . submit substantial evidence that Kroger created the hazard that caused Mrs. Edwards’s fall, and, therefore, they argue, the summary judgment should be reversed.
Our standard for reviewing a summary judgment is well settled. The summary judgment was proper if there was no genuine issue of material fact and Kroger was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Kroger had the burden to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. Long v. Jefferson County, 623 So.2d 1130, 1132 (Ala.1993). If Kroger made that showing, then the burden shifted to the Edwardses to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against them. Id. In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Id. The applicable standard of review is the “substantial evidence” rule. § 12-21-12, Ala.Code 1975. “Substantial evidence” is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Although actual or constructive notice to the defendant is ordinarily required in a slip and fall ease before a plaintiff can recover damages, a plaintiff is not required to prove notice when the defendant created the hazard. “ ‘When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.’ ” Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 465 (Ala.1992) (quoting Joseph A. Page, The Law of Premises Liability, § 7.11 at 169 (2d ed., 1988)). In Dunklin, the plaintiff was injured when she fell after slipping in water on the floor in a grocery store. The plaintiff testified that approximately 20 minutes before her fall she had seen a store employee washing produce in the area where she fell. Our supreme court held that the plaintiff had produced substantial evidence from which a jury reasonably could infer that a store employee had spilled the water that caused the plaintiff’s fall. See also Billings v. K Mart Corp., 654 So.2d 530 (Ala.1995), and Cuevas v. W.E. Walker, Inc., 565 So.2d 176 (Ala.1990), in which our supreme court reversed summary judgments entered in favor of the defendants, holding that the plaintiffs had presented substantial evidence from which a jury could determine that the defendants had created the hazards that caused the plaintiffs to fall.
Kroger argues that it presented evidence that it was not negligent in regard to Mrs. Edwards’s fall and that any effort by Mrs. Edwards to show that Kroger created the hazard that caused her fall was mere conjecture. We cannot agree. Mrs. Edwards presented testimony that earlier in the day and near the area where she fell, three Kroger employees had been stocking shelves from cardboard boxes and then breaking those boxes down and removing the pieces. Viewing the evidence in the light most favorable to the nonmovants, the Edwardses, we conclude that they presented substantial evidence that a Kroger employee created the hazardous condition; thus, the Edwardses eliminated the necessity of proving Kroger had notice of the condition. Because that evidence created a material issue of fact regarding the creation of the hazard, a summary judgment in favor of Kroger was inappropriate. The summary judgment procedure is not a substitute for a trial on disputed issues of fact and cannot be used to *226 deprive a litigant of a proper trial to resolve genuine issues of material fact. Howell v. Mobile Infirmary, 337 So.2d 338, 340 (Ala.1976).
The judgment is due to be, and it is hereby, reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.