RICHARD L. HOLMES, Retired Appellate Judge.
This is a slip and fall case.
Angela Johnson appeals from a summary judgment in favor of Delchamps, Inc. (Del-champs). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the non-moving party and that all reasonable doubts must be resolved against the moving party. McClendon v. Mountain Top Indoor Flea Market Inc., 601 So.2d 957 (Ala.1992).
Our review of the record reveals the following pertinent facts: At approximately 10:30 p.m. on January 2, 1993, Johnson was a customer in the Delchamps store located on Dauphin Street in Mobile, Alabama. When she entered the store, Johnson got a cup of coffee from the courtesy coffee stand. Approximately 15 minutes later, Johnson returned to the area where the courtesy coffee stand was located to dispose of the coffee cup. After entering this area, Johnson slipped and fell.
Johnson testified that prior to her fall, the floor appeared very shiny and clean and did not appear to be wet. Johnson stated that *1340 she did not notice any foreign substance on the floor prior to her fall. Johnson testified that there were no “wet floor” signs in the area at the time of her fall.
Johnson stated that while lying on the floor, she realized that her back was wet and that she was lying on a wet floor. Johnson also stated that when she questioned the manager about the wet floor, he told her that they had just scrubbed the floor and that the machine was broken and leaking water.
We would note that in its answers to interrogatories, Delehamps stated, “The area had just been cleaned with a floor scrubber prior to the time of [Johnson’s] injury.” Del-champs supplied a copy of the accident report in response to Johnson’s request to produce. The report stated the following under the “Manager’s Report” section: “Describe any defects — The maintenance man had just scrubbed the area where the fall occurred.” In its response to Johnson’s request for admissions, Delehamps stated, “[Delehamps] admits that the floor in the area where [Johnson] fell was being cleaned at the time of [Johnson’s] fall.”
When we view the evidence in a light most favorable to Johnson, the non-movant, we find the following: Johnson slipped and fell. Although she cannot identify exactly what caused her fall, Johnson testified that after her fall, she noticed that she was wet and was lying on a wet floor. Johnson also testified that the manager told her that a Del-champs employee had been cleaning the floors and that the machine was broken and leaking water. There were no “wet floor” signs in the area prior to Johnson’s fall.
Delehamps admits that the area had just been cleaned. Delehamps offered no evidence to dispute Johnson’s testimony that the manager told her that the floor scrubber was broken and leaking water. Wal-Mart Stores, Inc. v. McClinton, 631 So.2d 232 (Ala. 1993).
Additionally, we would note that a summary judgment is rarely appropriate in negligence and personal injury cases. Ca-baniss v. Wilson, 501 So.2d 1177 (Ala.1986).
In light of the above, we find that there existed a genuine issue of a material fact regarding the negligence claim in this case. However, we find that the trial court properly entered the summary judgment on the wantonness claim.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.