Sheila Nelson appeals from a summary judgment entered for Delchamps, Inc., in her action to recover damages for personal injuries sustained when she slipped and fell on or about October 18, 1993, in a Delchamps grocery store in Mobile. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Nelson sued Delchamps, alleging that it had been
 "negligent in failing to maintain its premises in a reasonably safe condition, in failing to provide appropriate safety mats next to the ice machine, in placing the ice machine in a location without suitable safety mats so as to increase the likelihood of water and ice being spilled onto the floor, thereby creating a hazard, and failing to properly train its employees of the method to keep [its] premises in a reasonably safe condition."
On May 15, 1996, the trial court entered a summary judgment for Delchamps. Nelson appeals, raising two issues: 1) whether the trial court erred in requiring her to present substantial evidence that Delchamps knew or should have known of the hazardous condition; and 2) whether she had presented substantial evidence that a defect and/or hazardous condition existed that caused her injuries.
Because of the interrelated nature of these issues, we will address them together. The *Page 1261 
record shows that on the day of her fall, Nelson was shopping in Delchamps. She stopped by the ice machine inside the store and picked up a bag of ice. She said that as she was walking away from the machine, she slipped and fell and that as she lay on the floor, she followed a bystander's advice to place the bag of ice on the leg she says was injured. Nelson testified in her deposition that she did not see anything on the floor either before or after she fell; however, she also testified that a store employee began mopping the floor where she had fallen and that the employee told her that "there was something damp here on the floor," and "that could have been what caused you to fall." That employee testified by deposition that she did not see any water on the floor before she mopped. Nelson further testified that, as she sat on the floor, she noticed that her pants leg was damp and dirty and that the bottom of her shoe was damp with a clear liquid. Two maintenance workers, one of whom had worked in the store for the past five years, testified that neither of them had ever seen water on the floor in front of the ice machine as a result of spilled ice. In opposition to Delchamps's summary judgment motion, Nelson presented the affidavit of an expert witness, who opined:
 "Delchamps failed to use reasonable care in its placement of the ice machine . . . by not guarding against the foreseeable risk of ice being dropped on the floor in the area of the ice machine and/or failing to adequately warn the plaintiff of the dangers created by and/or associated with ice falling on a tile floor and melting. . . . It is widely recognized within the retail industry that self-service ice machines create a potential danger."
Although Delchamps moved that the expert witness's affidavit be struck, the court failed to rule on the motion.
At the outset, we note that there are two lines of business invitee "slip and fall" cases in Alabama. In the first line of cases, the plaintiff slips and falls and alleges that the business negligently failed to clean up a substance on the floor. Under that scenario, the general duty of a business to its business invitees is as follows:
 " '[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance.' "
Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464
(Ala. 1992) (quoting Maddox v. K-Mart Corp., 565 So.2d 14, 16
(Ala. 1990)).
The second line of cases deals with a situation where the plaintiff alleges that the business negligently created on the premises a hazardous condition that proximately caused injury to the plaintiff. The crux of Nelson's complaint was that Delchamps had created a hazard and had failed to use reasonable care by failing to place safety mats in front of the ice machine. " 'When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice.' " Dunklin, 595 So.2d at 465 (quoting Joseph A. Page, The Law of Premises Liability, § 7.11 at 169 (2d ed., 1988)).
Nelson contends that the court erred in requiring her, in order to rebut Delchamps's evidence, to present substantial evidence that Delchamps knew or should have known of the liquid on the floor. She argues that this case falls into the second category of slip-and-fall cases, and that, unlike *Page 1262 
a case alleging a slip caused by a slippery foreign substance on the floor, this case is really a case concerning the affirmative creation of a hazard through a failure to put mats in front of the ice machine. Therefore, she says, it was unnecessary for her to produce evidence that Delchamps had notice, actual or constructive, of the hazardous condition. Nelson cites several cases to support her theory: Wal-MartStores, Inc. v. McClinton, 631 So.2d 232 (Ala. 1993) (plaintiff tripped over the base molding on a gun cabinet that WalMart employees had placed in the aisle); Dunklin v. Winn-Dixie ofMontgomery, supra (directed verdict improper because there was substantial evidence presented that an employee had spilled water on the floor); Mims v. Jack's Restaurant, 565 So.2d 609
(Ala. 1990) (defect in premises; metal threshold at front door loose); and Wal-Mart Stores, Inc. v. Tuck, 671 So.2d 101
(Ala.Civ.App. 1995) (shelf fencing, a part of the display case, had fallen into the aisle, where the plaintiff was injured by tripping over it; employees had a duty to inspect and maintain the fixture by providing ordinary and reasonable maintenance).
 "In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. In reviewing a summary judgment, this Court must review the evidence in a light most favorable to the nonmovant. This case was filed after June 11, 1987; accordingly, the 'substantial evidence' rule applies to the ruling on the motion for summary judgment. Ala. Code 1975, § 12-21-12. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. '[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
Barnard v. American Medicorp Development, Inc., 618 So.2d 1333,1334 (Ala. 1993) (citations omitted).
This slip-and-fall case falls in the second category. Viewing the evidence in a light most favorable to Nelson, we conclude that Nelson presented substantial evidence that she slipped on a liquid in the store. She stated that her pants leg was wet and that there was a clear liquid on the bottom of her shoe. Additionally, she testified that an employee of Delchamps immediately began mopping the floor and admitted to her that there was something damp on the floor. Although that employee later denied that there had been anything on the floor, she admitted that she mopped the area after Nelson fell. Based on this conflicting evidence, a genuine issue of material fact existed as to whether there was water on the floor. Nelson's qualified expert opined: "It is widely recognized within the retail industry that self-service ice machines create a potential danger." If it is determined that Delchamps failed to take reasonable safety precautions and that that failure led to a hazardous condition, Delchamps may be liable for Nelson's damages even absent a showing of constructive or actual knowledge of the alleged presence of the liquid on the floor. Delchamps was not entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. However, we note that even if Delchamps or its employees created a hazard it is not necessarily liable for Nelson's injuries if the danger posed by the lack of mats was known to Nelson or should have been observed by her in the exercise of reasonable care. SeeBarnard, 618 So.2d at 1334 (citing McClendon v. Mountain TopIndoor Flea Market, Inc., 601 So.2d 957 (Ala. 1992)).
The judgment is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur. *Page 1263