ENGLAND, Justice
(dissenting).
As Patricia Smith was leaving a store operated by the defendants, Bud’s Outlet and Wal-Mart Stores, Inc., she tripped and fell on the protruding footrest of a wheelchair located near the exit door. Smith says that although she had noticed the position of the wheelchair on previous visits, she did not see the wheelchair on this occasion because she was holding her *224 grandson in her arms, talking to her daughter, and pushing a shopping cart in front of her.
She sued, alleging that Bud’s and Wal-Mart had acted negligently or wantonly in positioning the wheelchair. The defendants asserted the defenses of contributory negligence and assumption of the risk, alleging that the wheelchair was an open and obvious danger that Smith should have seen and could have avoided. The case was tried before a jury, which returned a verdict in favor of Smith, awarding her $60,000. The defendants filed a motion for a judgment as a matter of law, which the trial court denied. The court entered a judgment on the verdict, and the defendants appealed.
The Court of Civil Appeals reversed. Bud’s Outlet v. Smith, 781 So.2d 219 (Ala. Civ.App.2000). That court held that the location of the wheelchair did not constitute a hidden defect; it concluded that Smith was distracted either by her grandson or her daughter at the time she fell and that if she had been exercising ordinary care she would have seen the wheelchair and could have avoided the fall. Thus, the Court of Civil Appeals reversed the judgment, holding that the trial court erred in denying the defendants’ motion for a judgment as a matter of law.
This case is similar to Wal-Mart Stores, Inc. v. McClinton, 631 So.2d 232 (Ala. 1993). In that case, the plaintiff, McClin-ton, fell when his foot jammed against a piece of wood molding that protruded into an aisle at a Wal-Mart store. Like the defendants in this ease, Wal-Mart argued in McClinton that it was not liable for the plaintiffs injuries because, it claimed, the alleged defect was open and obvious. This Court held that although McClinton saw the display cabinet, “it [was] not evident that he knew, or should have known, or that he appreciated, the danger caused by the fact that the cabinet and its molding protruded into the aisle.” 631 So.2d at 235. We concluded that the question whether the defect was “open and obvious” was a question for the jury.
Smith testified that she did not see the wheelchair before she fell, because she was looking toward the exit door, paying attention to her grandson, and saying goodbye to her daughter. She testified that she did not expect the wheelchair to be at the exit door because she had visited the store many times before and on those prior occasions the wheelchair was folded up at the entrance near the shopping carts. She further testified that the shopping cart she was pushing in front of her and her grandson, who was in her arms, may have been blocking her view of the wheelchair. Thus, the evidence suggests that Smith did not see the footrest protruding from the wheelchair. By concluding that Smith failed to use ordinary care, a conclusion based simply on the evidence that she was carrying her grandchild, pushing the cart, and talking to her daughter, the Court of Civil Appeals substituted its judgment for that of the jury. The jury could have concluded that Smith’s actions were reasonable under the circumstances and were actions that should have been expected from ordinary shoppers. It is foreseeable that a parent, while shopping or while entering or leaving a store, may be carrying a child, pushing a shopping cart, and conversing with a friend or relative.
The Court of Civil Appeals also based its reversal upon a conclusion that the defendant did not have actual or constructive notice of the hazard. However, the evidence suggests that the wheelchair was not positioned where it usually was and that a store employee who witnessed the incident admitted having seen the wheelchair, with the protruding footrest, by the *225 exit door before Smith fell. This evidence would support a finding that the defendants had knowledge of the alleged defect.
The facts, when viewed most favorably to Smith, do not support a conclusion that the evidence against the verdict was “so much more credible and convincing to the mind than the evidence supporting the verdict that it clearly indicates that the jury’s verdict was wrong and unjust.” See Campbell v. Burns, 512 So.2d 1341, 1343 (Ala.1987). Considering the presumption of correctness accorded to jury verdicts, and considering the evidence as stated in the opinion of the Court of Civil Appeals and in Smith’s statement of additional facts made pursuant to Rule 39(k), Ala. R.App.P.,[1] I would grant the petition for writ of certiorari.
COOK and JOHNSTONE, JJ„ concur.

. This citation to Rule 39(k) is a citation to that rule before its amendment effective August 1, 2000. The petition for certiorari review in this case was filed before August 1, 2000.