JoAnna Rutledge sued Wings of Tuscaloosa, Inc., a corporation operating a Wings restaurant, on November 13, 2000, seeking to recover damages for personal injuries she allegedly sustained when she slipped and fell on the premises of the restaurant. Rutledge alleged, among other things, "negligent and/or wrongful conduct" on the part of Wings in failing to place water-absorbent mats on the floor in the kitchen area of the restaurant. Wings filed its answer on December 13, 2000, denying liability and raising the affirmative defense of contributory negligence. Wings moved for a summary judgment on March 8, 2002, arguing, among other things, that it did not breach a duty owed to Rutledge. Rutledge responded. The trial court, on May 2, 2002, entered a *Page 1006 
summary judgment in favor of Wings, finding that Rutledge had failed to produce substantial evidence indicating that Wings had notice of the alleged unsafe condition of its premises. Rutledge appeals. This case was transferred to this court by the supreme court, pursuant to §12-2-7(6), Ala. Code 1975.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. JohnDeere Co., 531 So.2d 860, 862 (Ala. 1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990).
The evidence viewed in a light most favorable to Rutledge indicates that at the time of the accident she was employed by the City of Tuscaloosa Board of Education as a special-education instructor. Rutledge instructed special-education students in acquiring basic job-related skills. The Board of Education had an arrangement with Wings whereby Wings would allow the special-education students to work at the restaurant. The students would perform various tasks at the Wings restaurant, such as cleaning baseboards, booths, blinds, tables, or any other basic tasks Wings may have needed done.
On November 13, 1998, Rutledge was on the premises of Wings supervising her students. Rutledge and the students arrived at the restaurant at approximately 9:00 a.m. At approximately 10:00 a.m., Rutledge walked from the dining area through the kitchen area to the supply room to check on a student she had sent to retrieve some cleaning solution. Rutledge testified that as she walked through the kitchen area to the supply room she did not see any water or other substance on the floor. She stated that when she walked back through the kitchen area to return to the dining area she slipped and fell, injuring her knee and her shoulder. She stated that she believed that there was water on the floor where she fell because her pants were wet and the floor looked as if it had been mopped. Rutledge stated, however, that she had not seen any employees mopping the restaurant on the morning of the incident. She testified that after she fell she noticed that the mat that was usually located in the area where she fell was not in place. Rutledge further stated that mats were used to prevent the employees from slipping and that had the mat been in place on this occasion she would not have slipped and fallen.
Scott Ramsey is the general manager of the Wings restaurant. On the date of the accident, he was the assistant manager. Ramsey testified that the floor in the kitchen area is tile and that at the time of the incident Wings had a company policy that required water-absorbent mats to be placed in that area.[1] He testified that *Page 1007 
company policy required the kitchen manager to place mats on the floor in the kitchen area each morning. Ramsey had no knowledge of whether the mats had been put in place on the day of the incident.
A person who enters upon the premises of another with the landowner's consent in order to bestow some material or commercial benefit upon the landowner is an invitee. Hambright v. First Baptist Church-Eastwood,638 So.2d 865 (Ala. 1994). Rutledge entered the premises with the consent of Wings in her capacity as supervisor of students who were to practice job-related skills at the Wings restaurant. Those skills included cleaning services. Although Rutledge was teaching the students job skills, Wings was, nevertheless, receiving a commercial benefit, i.e., free cleaning services. Accordingly, we conclude that Rutledge, as the supervisor of the students, held the status of an invitee.
In Nelson v. Delchamps, Inc., 699 So.2d 1259, 1261 (Ala.Civ.App. 1997), this court stated:
 "`"[A] storekeeper is under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers. However, the storekeeper is not an insurer of the customer's safety, and is liable for injury only if he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. The plaintiffs must prove that the injury was proximately caused by the negligence of [the storekeeper] or one of its servants or employees. Actual or constructive notice of the presence of the substance must be proven before [the storekeeper] can be held responsible for the injury. Furthermore, the plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance."'
 "Dunklin v. Winn-Dixie of Montgomery, Inc., 595 So.2d 463, 464 (Ala. 1992) (quoting Maddox v. K-Mart Corp., 565 So.2d 14, 16 (Ala. 1990))."
However, in situations where the plaintiff has presented substantial evidence indicating that the defendant storekeeper has created the hazardous condition, the plaintiff is not required to prove that the storekeeper had actual or constructive notice of the hazardous condition; in such situations notice is presumed. Id.
In Nelson, the plaintiff was injured when she slipped and fell in some water located in front of an ice machine as she removed a bag of ice from the machine. The plaintiff sued, alleging that the defendant had negligently failed to maintain its premises in a reasonably safe condition by failing to provide appropriate safety mats next to an ice machine. The trial court entered a summary judgment in favor of the defendant, because it determined that the plaintiff had failed to present substantial evidence indicating that the defendant knew or should have known of the presence of water on the floor. Id.
In reversing the summary judgment, this court held that the plaintiff was not required to produce evidence indicating that the defendant had actual or constructive notice of the hazardous condition on the floor, because she presented evidence indicating that the defendant had created *Page 1008 
the hazard by failing to place safety mats in the area in front of the ice machine. Id.
After reviewing the record in this case in a light most favorable to Rutledge, we conclude that she produced substantial evidence indicating that she slipped on some water located in the kitchen area of the restaurant. Wings presented no evidence indicating that there was no water on the floor in the kitchen area, at the time of Rutledge's fall. Rutledge testified that she noticed that her pants were wet after she fell and that the area appeared to have been recently mopped. Rutledge presented evidence indicating that it was company policy that the tile floor in the kitchen area be covered with mats and that it was the manager's duty to place the mats each morning upon arriving at work. Rutledge testified that there was no mat in place when she slipped and fell and that had there been one in place she would not have slipped and fallen. Ramsey had no knowledge of whether a mat was in place at the time of the incident.
We conclude that Rutledge presented substantial evidence indicating that Wings had created the hazardous condition by failing to follow company policy and place the mats on the tile floor in the kitchen area. Therefore, Rutledge was not required to produce substantial evidence indicating that Wings had actual or constructive notice of the alleged hazardous condition of the floor. Accordingly, the judgment is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
Pittman, J., concurs.
Thompson, J., concurs in the result.
[1] Ramsey testified that Wings later abandoned the company policy requiring mats in favor of requiring its employees to wear nonslip shoes.